IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ROXANNE FEME FATEL JOGANIK, <br><br> *Plaintiff*, <br><br> v. <br><br> EAST TEXAS MEDICAL CENTER, OLYMPIC SWIMMING POOL, JERAMIE HINOJOSA, ANNA GOUJON, AND BILL JENNINGS, <br><br> *Defendants*. | § § § § § § § § § § § § § §  CASE NO. 6:19-CV-517-JCB-KNM |

## REPORT & RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. No. 113) and Motion for Judgment as a Matter of Law (Doc. No. 114), and Defendant's responses in opposition. (Doc. Nos. 120, 123). This case is referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636. After due consideration, the Court **RECOMMENDS DENYING** Plaintiff's Motions.

### BACKGROUND

Plaintiffs Roxanne Joganik and Darlina Anthony, proceeding *pro se* and *in forma pauperis*, initiated this lawsuit on November 4, 2019 against Rehabilitation Hospital, LLC d/b/a UT Health East Texas ("Defendant").[1] Plaintiffs each filed a motion to proceed *in forma pauperis* and filed

---

[1] Plaintiffs originally named East Texas Medical Center and Olympic Swimming Pool as Defendants. Compl., Doc. No. 1. Defendant states that "East Texas Medical Center" and "Olympic Swimming Pool" are part of the same entity: Rehabilitation Hospital, LLC d/b/a UT Health East Texas. Def.'s Mot. Dismiss, Doc. No. 56 at 1 n.1. For ease of reference in this Report and Recommendation, Defendant will be referred to in the singular tense and by its preferred name.

their first amended complaint.[2] The Court granted the motions to proceed *in forma pauperis* and ordered Plaintiffs to refile an amended complaint to address certain pleading deficiencies inherent in their first amended complaint.[3] The Court noted that Plaintiffs failed to state a claim under their then-existing causes of action: 22 U.S.C. § 7102 of the Trafficking Victims Protection Act, Title VII of the Civil Rights Act, and the Thirteenth and Fourteenth Amendments.[4] On December 16, 2019, Plaintiffs filed their second amended complaint.[5] Defendant filed a motion to dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6), or in the alternative, a motion for a more definite statement under FED. R. CIV. P. 12(e).[6] When Plaintiffs did not timely respond, the Court ordered Plaintiffs to show cause as to why Defendant's motion should not be considered unopposed.[7] Plaintiffs filed a response to the order, and then filed a third amended complaint and a motion for default judgment.[8] The Court struck the complaint, ordered repleading, and denied the motion for [entry of ] default judgment.[9]

Plaintiffs then filed their fourth amended complaint, alleging that the treatment they received at Defendant's facilities constituted discrimination under Section 1557 of the Affordable Care Act.[10] In response, Defendant filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), which the Court granted in part.[11]

---

[2] Pls.' Mots. Leave to Proceed *In Forma Pauperis*, Doc. Nos. 2, 6; Pls.' First Amend. Compl., Doc. No. 5.
[3] Order Grant Mots. Leave to Proceed *In Forma Pauperis,* Doc. No. 9; Order Pls. Replead Compl., Doc. No. 10.
[4] Order Pls. Replead Compl., Doc. No. 10.
[5] Pls.' Second Amend. Compl., Doc. No. 15.
[6] Def.'s Mot. Dismiss Pls.' Second Amend. Compl., Doc. No. 25.
[7] Order Pls. Show Cause, Doc. No. 26.
[8] Pls.' Resp. Show Cause, Doc. No. 27; Pls.' Third Amend. Compl., Doc. No. 29; Pls.' Mot. Default. J., Doc. No. 31.
[9] Order Strike Pls.' Third Amend. Compl., Doc. No. 33; Order Deny Pls.' Mot. Default J., Doc. No. 34.
[10] Pls.' Fourth Amend. Compl., Doc. No. 38.
[11] *See* Report and Recommendation, Doc. No. 91; Ord., Doc. No. 99.

The Court dismissed Plaintiff Anthony's claims with prejudice, and ordered Plaintiff Joganik to file an amended complaint, limited in scope to her Section 1557 claim.[12] Plaintiff Joganik timely complied on February 1, 2022.[13]

## ANALYSIS

Preliminarily, Plaintiff's motions are virtually indistinguishable from her previous motion for summary judgment and motion for judgment as a matter of law, both of which the Court denied. *See* Doc. Nos. 68, 88 & Doc. Nos. 93, 100.

### A. Motion for Summary Judgment (Doc. No. 113)

In her Motion[] for Summary Judgment, Plaintiff states she is entitled to summary judgment on her claim for discrimination pursuant to Section 1557 of the Affordable Care Act."[14] Plaintiff requests that the Court "follow the last 3 [S]upreme [C]ourt case on 1557," and requests a prove-up hearing on the matter. In response, Defendant requests that the Court strike Plaintiff's motion because there is no evidentiary record before the Court.[15] Defendant also asserts that Plaintiff's motion fails to comply with Local Rule CV-56(a). Specifically, Defendant asserts that Plaintiff did not articulate a statement of issues, provide a statement of material facts, or attach any proper summary judgment evidence.[16] Finally, Defendant asserts that Plaintiff cannot prevail on her Section 1557 claim because she has not presented any evidence reflecting that Defendant is a "covered entity" receiving federal financial assistance as contemplated by Section 1557.[17]

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and

---

[12] Ord., Doc. No. 99.
[13] Pl.'s Amend. Compl., Doc. No. 106.
[14] Pls.' Mot. Summ. J., Doc. No. 113.
[15] Def.'s Resp., Pls.' Mot. Summ. J., Doc. No. 123.
[16] Def.'s Resp., Pls.' Mot. Summ. J., Doc. No. 123.
[17] Def.'s Resp., Pls.' Mot. Summ. J., Doc. No. 123 at 2.

the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The standard for granting a motion for summary judgment is the same standard for rendering judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 597 (1986); *see also Mississippi Prot. & Advocacy Sys.*, 929 F.2d 1054, 1058 (5th Cir. 1991).

Here, Plaintiff fails to meet her burden for summary judgment because there is no evidentiary record before the Court. Likewise, Plaintiff also fails to articulate a statement of issues or statement of material facts, as required by Local Rule CV-56(a). Accordingly, the Court recommends that Plaintiffs' Motion for Summary Judgment (Doc. No. 113) be **DENIED.**

### B. Motion for Judgment as a Matter of Law (Doc. No. 114)

In her Motion for Judgment as a Matter of Law, Plaintiff Joganik claims that there is "no way" that Defendant could succeed against her Section 1557 claim.[18] In its response, Defendant states that Plaintiff's motion is both premature and substantively unsound.[19]

As the Court has previously explained, judgment as a matter of law is an applicable remedy "after a party has been fully heard by the jury on a given issue" and there is no evidentiary basis for a reasonable jury to find in favor of the nonmoving party. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) (citing *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997)); Fed. R. Civ. P. 50(a).

As in Plaintiff's previous motion (Doc. No. 68), Plaintiff fails to allege any facts that would entitle her to judgment as a matter of law. Further, no jury has heard any evidence in this case.

---

[18] Pls.' Mot. J. Matter Law, Doc. No. 68 at 1.
[19] Def. Resp. Opp'n Pls.' Mot. J. Matter Law, Doc. No. 120.

Consequently, Plaintiff's motion for judgment as a matter of law fails. For the foregoing reasons, the Court recommends that Plaintiffs' Motion for Judgment as a Matter of Law (Doc. No. 114) be **DENIED**.

## RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS DENYING** Plaintiff's Motion for Summary Judgment **(Doc. No. 113)** and Plaintiff's Motion for Judgment as a Matter of Law **(Doc. No. 114).**

Within fourteen days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b). A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from de novo review by the District Judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 20th day of July, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE